Janel Lewis
12915 Foothill Blvd. #2403
Rancho Cucamonga, CA 91739
(840) 242-4816

Plaintiff in Pro Per,

FILED
DEC - 3 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No.: 6:25-BK-17990-RB |
| | Chapter: 7 |
| JANEL LEWIS, | Adversary No.: |
| | |
| Debtor. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT TUITION DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)** |
| In re: | |
| JANEL LEWIS, | **HEARING DATE:** |
| | **TIME:** |
| Plaintiff | **DEPARTMENT:** |
| VS. | |
| INTERNATIONAL COLLEGE OF HEALTH SCIENCES, | |
| Defendant. | |

Plaintiff, Janel Lewis, alleges as follows:

-1-

Complaint of Janel Lewis

1. Plaintiff is the debtor in the above-captioned Chapter 7 bankruptcy case, currently pending in this court.

2. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. Plaintiff brings this adversary proceeding pursuant to 11 U.S.C. § 523(a)(8) for a determination that certain tuition debt owed to her educational institution is dischargeable based on undue hardship.

5. The total amount of tuition debt owed by Plaintiff to the International College of Health Sciences is $19,600, with monthly payments of $1,696.78. The college is demanding payment in full, which further exacerbates Plaintiff's financial distress. Although Plaintiff has made good faith efforts to manage and repay the tuition debt, she is unable to maintain even a minimal standard of living if forced to repay it.

6. The obligation to repay this tuition debt creates an undue burden that impacts Plaintiff's ability to maintain even a minimal standard of living. Currently, Plaintiff is unable to pay her debts, including her property, which has resulted in the International College of Health Sciences withholding her transcripts. As a direct consequence, Plaintiff cannot further her education or seek employment opportunities that require completion of her degree, perpetuating her financial hardship.

7. Current Financial Circumstances:

    a). Plaintiff is currently unemployed and unable to find work despite diligent efforts to secure employment.

    b). Plaintiff has no current income.

    c). Plaintiff is responsible for supporting minor children who depend on her for their basic needs and sustenance.

    d). Prior to her current period of unemployment, Plaintiff was consistently employed or only briefly unemployed.

    e). Plaintiff is under 40 years old and would ordinarily have potential for career advancement, but her inability to access her academic transcripts due to the outstanding debt to Defendant has severely limited her employment prospects.

8. The recent decision by the United States Court of Appeals for the Second Circuit in Homaidan v. Sallie Mae, Inc., 3 F.4th 595 (2d Cir. 2021), affirms that private student loans are not explicitly exempt from discharge in a Chapter 7 bankruptcy. The Court determined that Section 523(a)(8) of the U.S. Bankruptcy Code does not provide a blanket exception for private loans, thereby opening the door for borrowers like Plaintiff to seek relief from educational debt without needing to demonstrate undue hardship.

9. The court in Homaidan explicitly noted that the applicable provisions of the Bankruptcy Code do not categorically exempt private student loans from discharge, interpreting Section 523(a)(8) to allow for specific exceptions only for government-backed loans or a limited category of obligations. This interpretation aligns with the notion that certain educational benefits should be delineated clearly in the text for them to be exempt from discharge.

10. The Second Circuit's stance complements those from other circuits, such as the Fifth and Tenth Circuits, which have similarly held that the term "educational benefit" cannot be broadly interpreted to include all private student loans. The appellate panel's reasoning reinforces the position that the educational debts at issue in this matter should be treated similarly.

11. Plaintiff's financial situation is not temporary and is expected to persist for the foreseeable future. Despite her attempts to seek negotiation and relief from the educational institution, there has been no resolution to alleviate the undue burden of the tuition debt.

12. Requiring Plaintiff to repay this tuition debt would impose an undue hardship as defined under 11 U.S.C. § 523(a)(8) and relevant case law, including Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987).

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Determine that the tuition debt owed to the International College of Health Sciences is dischargeable under 11 U.S.C. § 523(a)(8);

2. Grant such other and further relief as the Court deems just and proper.

Complaint of Janel Lewis

3. Include that this complaint includes endorsements and attachments that support the Plaintiff's claims and financial situation.

*I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

12/3/25

*(signature)*
Janel Lewis, Plaintiff

 janel lewis <janellewis72@gmail.com>

## Request for Negotiation on Financial Hold Due to Hardship

**janel lewis** <janellewis72@gmail.com>  
To: <KVidal@ichs.edu>

Fri, Nov 7 at 8:24 AM

Dear Karyn,

I hope this message finds you well. I am writing to you regarding the recent hold placed on my university account due to non-payment related to my student loan, which has been transferred back to the university for the full amount of $20,000. I find myself in a difficult position that I hope to discuss with you.

Due to unforeseen financial hardships, including the need to file for bankruptcy last week, I am struggling to find a solution that allows me to continue my education. This situation has not only impacted me personally but has also placed a significant burden on my family. We had no prior notice that my circumstances would escalate to this situation, and it has taken a toll on my ability to think clearly and manage my finances.

In light of my current circumstances, I would like to propose a negotiation regarding my outstanding balance. I am willing to pay $8,000 by mid-December from my retirement account and would appreciate the opportunity to set up a manageable payment plan for the remaining balance.

I fully understand that the university has policies in place, but I kindly ask for your compassion and understanding regarding my situation. I am committed to completing my education and ensuring that I meet all my obligations.

Thank you for considering my request. I look forward to your response and hope we can find a resolution that allows me to continue my studies without further financial strain.

Sincerely,  
Janel Lewis  
Student ID number 104498  
840-242-4816

**From:** Janel Michele Lewis <janel.lewis@my.ichs.edu>
**Sent:** Friday, November 14, 2025 11:53 AM
**To:** Nadia Beepath <nadia.beepath@ichs.edu>
**Subject:** Follow-up on Email Request

---

CAUTION: ALERT: This message is from a very important student. Please read and respond back within 24 hours.

---

Good morning,

I hope you're doing well. I wanted to follow up on our phone call yesterday regarding my email request to Ms. Videl. Were you able to reach out to her?

Thank you!

Janel Lewis


Get Outlook for iOS

---

**Janel Michele Lewis** <janel.lewis@my.ichs.edu>                                    Mon, Nov 24 at 10:43 AM
To: janel lewis <janellewis72@gmail.com>


Get Outlook for iOS

---

**From:** Janel Michele Lewis
**Sent:** Friday, November 14, 2025 8:52:30 AM
[Quoted text hidden]

 janel lewis <janellewis72@gmail.com>

# Fw: Follow-up on Email Request
2 messages

**Janel Michele Lewis** <janel.lewis@my.ichs.edu>  Mon, Nov 24 at 10:43 AM
To: janel lewis <janellewis72@gmail.com>

Get Outlook for iOS

**From:** Nadia Beepath <nadia.beepath@ichs.edu>
**Sent:** Friday, November 14, 2025 8:53:58 AM
**To:** Janel Michele Lewis <janel.lewis@my.ichs.edu>
**Subject:** RE: Follow-up on Email Request

Good Morning Janel,

Per Ms. Vidal; we are unable to negotiate tuition, in any event, however, the ability to make monthly payments has been breached due to non-payment. The only option the student has is to pay her balance in full.



**Nadia Beepath**

Financial Specialist

International College of Health Sciences

1325 S. Congress Avenue, Suite 100

Boynton Beach, FL 33426

**Phone:** 561-202-6333 ext 2312

**Web:** www.ichs.edu  **Email:** nadia.beepath@ichs.edu

**Financial Services**
financial@ichs.edu

Janel Lewis 104498,

Complete with Docusign: WD Computation Form Excel - Janel Lewis 104498.xlsx

Thank You, Financial Services

**Do Not Share This Email**
This email contains a secure link to Docusign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit Docusign.com, click 'Access Documents', and enter the security code:
FA62F1AD532F47A2B2046866171D27B43

**About Docusign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in an office, at home, on-the-go -- or even across the globe -- Docusign provides a professional trusted solution for Digital Transaction Management™.

**Questions about the Document?**
If you need to modify the document or have questions about the details in the document, please reach out to the sender by emailing them directly.

**Stop receiving this email**
Report this email or read more about Declining to sign and Managing notifications.

If you have trouble signing, visit "How to Sign a Document" on our Docusign Support Center, or become part of the Docusign Community to access tips and guidance from peers.

 Download the Docusign App

This message was sent to you by Financial Services who is using the Docusign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.



## Withdrawal Computation Record

| Student Name: Janel Lewis 104498 | ID# | |
|---|---|---|
| Program: ASN | Start Date: 06/10/2024 | |
| Date of Determination: 11/15/2025 | Current Semester Date: 10/06/2025 | LDA: 11/15/2025 |

### Finance Department:

| Semester | # Credits Attempted | Tuition Amount |
|---|---|---|
| Semester 1 | 3 | $2,775.00 |
| Semester 2 | 12 | $11,100.00 |
| Semester 3 | 12 | $11,100.00 |
| Semester 4 | 9 | $8,325.00 |
| Semester 5 | 4 | $2,800.00 |
| Semester 6 | | |
| Semester 7 | | |
| Semester 8 | | |
| Semester 9 | | |
| Semester 10 | | |
| Semester 11 | | |
| Semester 12 | | |
| | | |
| Other Fees and Charges | | $3,875.00 |
| | | |
| Total Tuition = | | $39,975.00 |
| Other Funding (Meritize, CLIMB, Scholarship, VA) | | $0.00 |
| Cash Payments | | ($20,375.00) |
| Meritize Risk Share Credit | | $0.00 |
| Refund to Mertize | | $0.00 |
| Refund to Climb | | $0.00 |
| Previous Account Balance | | $0.00 |
| **Total Account Balance =** | | **$19,600.00** |

### Withdrawal Balance & Payment Obligation

By signing below, I acknowledge and agree that:

- I already have a financial contract in place with the College. That contract will remain in effect until any and all outstanding balances are paid in full, unless other written arrangements are made and approved by the Office of Financial Services at the time of withdrawal.

- Any remaining balance at the time of withdrawal must be paid in full or will continue to be collected according to my contracted monthly payment schedule.

- All contracted payments will continue to be automatically withdrawn on the agreed dates until my balance is cleared.

- If a scheduled payment is declined or otherwise fails, I must resolve and make payment within fifteen (15) days.

- Failure to maintain my contracted payments, or failure to cure a declined payment within fifteen (15) days, constitutes default and subjects my account to placement with a collections agency. I understand I may also be responsible for additional collection costs.

---DocuSigned by:---
*Nadia Tripathi*
---B08B87422A04402---
**Finance Signature**    11/20/2025
                         **Date**

---Signed by:---
Janel Lewis 104498       12/1/2025
---67DE3DC76A17474---
**Student Signature**    **Date**

**FOR OFFICE USE ONLY**

DOD: _____    DATE CHECK SENT: _____    AMOUNT OF CHECK: _____

CHECK NO: _____    CHECK PAID TO: _____ (NAME)

COPY OF CHECK ATTACHED: YES OR NO

1325 S. Congress Avenue, STE 100 · Boynton Beach, FL 33426 · 561-202-6333 · www.ichs.edu

 janel lewis <janellewis72@gmail.com>

## Clarification on Payment Schedule and Future Semester Enrollment

**janel lewis** <janellewis72@gmail.com>  Fri, Nov 28 at 10:12 PM
To: Financial Services <financial@ichs.edu>

Hello ,

I hope this message finds you well. I am reaching out to seek clarification regarding my financial contract with the College, specifically related to the payment schedule and its implications for my future enrollment.

I understand from the information provided that my contracted payments will continue until my outstanding balance is cleared. However, I would like to confirm the following:

1. Payment Schedule: Could you please provide me with a detailed overview of the contracted payment schedule? Specifically, I would like to know the payment amounts, due dates, and the total outstanding balance I currently owe.

2. Impact on Future Enrollment: If I maintain my current payment schedule, will this allow me to re-enroll for the next semester without any interruptions? Are there any specific requirements or conditions I need to fulfill to ensure my enrollment status is not affected?

3. Consequences of Non-Payment: I am aware of the implications of missed payments and the possibility of my account being placed with a collections agency. I want to ensure I understand the process and any additional costs that may arise should I encounter difficulties in making payments.

I appreciate your assistance in helping me understand these matters, as it is crucial for my financial planning and academic goals. Thank you for your attention to this request. I look forward to your prompt response.

Best regards,
Janel Lewis

On Fri, Nov 28, 2025 at 9:44 PM Financial Services via Docusign <dse_NA3@docusign.net> wrote:



Financial Services sent you a document to review and sign.

REVIEW DOCUMENT

 janel lewis <janellewis72@gmail.com>

# Clarification on Payment Schedule and Future Semester Enrollment

**Nadia Beepath** <nadia.beepath@ichs.edu>　　　　　　　　　　　　　　　　Wed, Dec 3 at 6:39 AM
To: janel lewis <janellewis72@gmail.com>
Cc: Gillian Palmer <gillian.palmer@ichs.edu>, Doris Larrea <Dlarrea@ichs.edu>

Good Morning Janel,

As stated, you have until December 6th, 2025; to make your full account payment in the amount of $19,600.00 to ICHS. If the payment is not received by this date, then your account balance will be placed with GRC along with collections costs.

If you have any further questions or concerns you may contact me.

Thank you,

**Nadia Beepath**

Financial Specialist

International College of Health Sciences

1325 S. Congress Avenue, Suite 100

Boynton Beach, FL 33426

**Phone:** 561-202-6333 ext 2312

**Web: www.ichs.edu   Email:** nadia.beepath@ichs.edu

CERTIFICATE OF SERVICE

I, Janel Lewis, certify that on January 12, 2025, I sent a copy of the Complaint to Determine Dischargeability of Student Loan Debt and the Adversary Proceeding Cover Sheet by certified mail to the following recipients:

* International College of Health Sciences
<u>1325 S Congress Ave, Boynton Beach, FL 33426</u>
Attn: Financial Department


Janel Lewis
12915 foothill blvd
Rancho Cucamonga Ca 91739

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Janel Michele Lewis<br>12915 Foothill Blvd #2403 | **DEFENDANTS**<br>International College of Health Sciences<br>1325 S Congress Ave, Boynton |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff, Janel Lewis, respectfully petitions this Court for a determination as to the dischargeability of her tuition debt owed to the International College of Health Sciences pursuant to 11 U.S.C. § 523(a)(8). The Plaintiff asserts that the obligation to repay the tuition debt imposes an undue hardship, which should render the debt dischargeable under the aforementioned statute. The Court's jurisdiction is grounded in 28 U.S.C. §§ 157 and 1334, and this proceeding is deemed a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

1. A determination that the tuition debt owed to the International College of Health Sciences is dischargeable under 11 U.S.C. § 523(a)(8) due to undue hardship and an order for the immediate release of Plaintiff's withheld transcripts to facilitate her pursuit of educational and employment opportunities. 2. Any further relief the Court deems just and proper.

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Janel Michele Lewis | BANKRUPTCY CASE NO.<br>6:25-bk-17990 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside Division | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>1/2/2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Janel Lewis | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.